# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC.,** *et al.*, | : | CIVIL ACTION NO. 1:16-CV-2235 |
| | : | |
| Plaintiffs | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ST. GEORGE & MARY, INC., d/b/a JOHNNY JOE'S,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 9th day of August, 2017, upon consideration of the clerk's entry of default (Doc. 10) against *pro se* defendants St. George & Mary, Inc., d/b/a Johnny Joe's ("St. George & Mary") and Hany Maawad ("Maawad"), and plaintiffs' motion (Doc. 11) for default judgment against both defendants, and further upon consideration of Maawad's motion (Doc. 13) to set aside default, wherein Maawad avers that he was delayed in answering the complaint due to caring for his mother, who is since deceased, (see id. ¶ 1), and with which motion Maawad simultaneously filed an answer to plaintiffs' complaint, (see Doc. 14), and the court observing that a defendant must demonstrate "good cause" for a court to set aside the entry of default, FED. R. CIV. P. 55(c), which inquiry tasks the court to consider (1) whether the non-defaulting party will be prejudiced if default is set aside, (2) whether the defaulting party has a meritorious defense, and (3) whether the default resulted from "culpable" conduct, United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), and the court, addressing each factor in turn, observing: *first*,

that plaintiffs do not claim that setting aside the entry of default will result in prejudice thereto, (see Doc. 16), and that requiring a party to litigate its claim on the merits does not constitute prejudice, see Davis v. Metro. Life Ins. Co., No. 1:13-CV-2741, 2015 WL 574616, at *3 (M.D. Pa. Feb. 11, 2015) (Conner, C.J.) (citing Griffin v. Lockett, No. 1:08-CV-1120, 2009 WL 179780, at *2 (M.D. Pa. Jan. 26, 2009)); see also Accu-Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991), such that the first factor resolves in favor of setting aside the default; *second*, that Maawad claims in his answer that the performances cited in plaintiffs' complaint as infringing plaintiffs' copyrights were in fact "fully licensed," (Doc. 14 ¶¶ 23-27), and that setting aside default does not require the defaulting party "to prove beyond the shadow of a doubt that it will win at trial," but only that its defense has plausible merit on its face, Accu-Weather, 79 F. Supp. at 803 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)), such that the second factor favors setting aside the default; and *third*, that Maawad's default could not be said to be the result of culpable conduct, which requires some indication that the defaulting party acted "willfully," in "bad faith," or in pursuit of a "deliberate trial strategy," id. at 804 (quoting Int'l Bhd. of Elec. Workers v. Skaggs, 130 F.R.D. 526, 529 (D. Del. 1990)), such that the third factor weighs in favor of Maawad, and the court thus concluding that the default should be set aside and plaintiffs' complaint anent Maawad allowed to proceed on its merits, but the court also concluding that default shall not be set aside against defendant St. George & Mary, which entity we have indicated may not

proceed *pro se* in this court,[1] (Doc. 15 at 1 n.1); see Lawson v. Nat'l Progressive Ins. Co., 347 F. App'x 741, 742 n.1 (3d Cir. 2009) (nonprecedential) (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)), and warned that default judgment may be the consequence of failure to obtain counsel, (see Doc. 15 at 1 n.1 (citations omitted)), such that default must remain in place against St. George & Mary, but further determining that, in view of the potential for inconsistent judgments, default judgment should not yet be entered against St. George & Mary because claims based upon identical allegations and theories of liability remain pending against a defendant against whom default has been lifted, see Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986) (quoting Frow v. De La Vega, 82 U.S. 552, 554 (1872)); see also Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (collecting cases), it is hereby ORDERED that:

1. Maawad's motion (Doc. 13) to set aside entry of default is GRANTED to the extent the court will set aside the clerk's entry of default as to Maawad. The motion (Doc. 13) is DENIED to the extent it seeks to set aside the clerk's entry of default as to St. George & Mary.

---

[1] As we noted in our prior order, Maawad purports to file his instant motion on behalf of himself and codefendant St. George and Mary. (See Doc. 13 at 2). He indicates therein that "defendants intend on obtaining counsel." (Id.) In an answer filed the same date as the instant motion, defendants claim to respond "by and through their attorney, William C. Felker," while at the same time signing the pleading "Hany Maawad, *Pro Se*." (Doc. 14 at 1, 5). Counsel has not entered an appearance on either defendant's behalf, and we presume both defendants remain unrepresented as suggested in their instant motion. (See Doc. 13 at 2).

2. The entry of default (Doc. 10) against Maawad is SET ASIDE.

3. Plaintiffs' motion (Doc. 11) for default judgment is DENIED as moot as to Maawad. The motion (Doc. 11) is DENIED as premature as to St. George and Mary without prejudice to reinstatement thereof after all remaining claims have been resolved against Maawad.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania